UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Dealer Computer Services, Inc. , | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-1212 |
| | § | |
| El Centro Motors, Inc. , | § | |
| | § | |
| Defendant. | § | |

## Opinion on Motion to Vacate Arbitration Award

1.    *Introduction.*

A computer service company was awarded damages through arbitration with a car dealership, and the dealership wants the award vacated. The arbitration award will subsist.

2.    *Arbitration.*

Dealer Computer Services is a Houston company that sells and maintains computer software and hardware to car dealerships. El Centro Motors is a dealership in California that used Dealer's services.

In August 1993, Centro signed a seven-year contract with Dealer. The contract was extended for an additional ten years in 1995, and again in 2003. In 2008 Centro stopped paying Dealer and switched to a competing service company. After Centro breached the contract, it and Dealer arbitrated.

The three-member arbitration panel consisted of Judge Elizabeth Ray, chosen by Dealer, Edward Bergman, chosen by Centro, and Stephen Strick. Ray was required to disclose any past involvement with either Dealer or Centro. She did not disclose that two years earlier she had appointed an arbitrator in another case involving Dealer: *Dealer Computer Services, Inc. v. Scott Picon Ltd, Inc.*

Centro objected to Ray's appointment because she did not disclose her involvement in *Scott*. Ray then spoke with one of her previous case managers, and notified the American Arbitration Association that she had indeed dealt with Dealer in *Scott*.

The American Arbitration Association gave the parties a second chance to object to Ray's appointment as an arbitrator. On September 21, 2010, Centro again objected to Ray's appointment because of her earlier non-disclosure and ruling in *Scott*. The Association denied Centro's objection and allowed Ray to remain on the arbitration panel. The panel's unanimous decision awarded Dealer $3,503,082.37 in damages, $445,050.76 in attorneys' fees and expenses, and reimbursement of $227,748.70 for arbitration costs.

Centro says that the panel did not give a reasoned award. Centro also says that Ray's delayed disclosure and ruling in *Scott* violates the arbitration agreement, American Arbitration Association rules, and the Code of Ethics, and shows manifest disregard for the law, and evidences partiality or corruption. Centro has moved to vacate the award.

3.  *Disclosure.*

Centro says Ray failed to disclose her decision in *Dealer v. Scott*.

Ray's late disclosure is immaterial. Michael Bloom, counsel for Centro, was also counsel for the defendant in *Scott*. Centro was aware of Ray's participation in that case before she disclosed anything. The American Arbitration Association confirmed Ray's appointment as an arbitrator despite Centro's objection to Ray on September 21, 2010.

Centro's objection that Ray's decision in *Scott* corrupted her judgment is without merit. Her decision in *Scott* did not concern the substance of the dispute. She interpreted the arbitration clause in the parties' contract and appointed an arbitrator. Appointing an arbitrator does not prove bias or corruption, and it does not bar her from arbitrating Dealer's dispute with Centro.

Many arbitrators are chosen for their judicial experience. Through their experience they are exposed to thousands of cases and parties. Some parties – Walmart for example – have had cases in nearly every court in the country. Finding an arbitrator with judicial experience who has not presided over a case involving that party would be virtually impossible. Simple exposure does not taint an arbitrator's judgment. If it did, finding experienced arbitrators for some parties would be nearly impossible.

4.     *Manifest disregard.*

Centro says the panel's decision was in manifest disregard of the law – that it knew the law and disregarded it. This claim does not need to be addressed, because it is no longer recognized by the Fifth Circuit Court of Appeals.[1] Arbitration awards cannot be vacated under this legal theory.[2]

5.     *Reasoned.*

The American Arbitration Association required the arbitration panel to issue a "reasoned award" explaining their decision. Centro says the panel did not do this.

Centro does not explain why it does not consider the panel's final judgment a "reasoned award." Centro's claim is nonsense. The arbitration panel issued a four page explanation of its award – nothing more is required.

6.     *Conclusion.*

Centro's argument that Ray's late disclosure or her ruling in *Scott* should vacate the arbitration panel's award has no merit. Centro's motion to vacate will be denied.

Signed on September 30, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 355 (5th Cir. 2009).

[2] *Id.*

- 3 -